**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAMEA S. TENISON,

          Plaintiff - Appellant,

    v.

MIKE MORGAN, Correctional
Officer; DEBBIE MORTON; PAUL
BRANSCUM, Correctional Officer,

          Defendants - Appellees.

No. 12-7037

(E.D. Okla.)

(D.C. No. 6:11-CV-00202-JHP-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, appellant's request for oral argument is **denied** and the case is

ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Oklahoma state prisoner Damea S. Tenison appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Defendant, Debbie Morton, moved to dismiss all of Tenison's due process and retaliation claims. After considering Morton's arguments and Tenison's response, the court dismissed Tenison's complaint as frivolous because it failed to state a claim. *See* 28 U.S.C § 1915(e). The court also denied Tenison's motion to amend his complaint to add additional defendants. Tenison then brought this appeal.

In August 2009, Tenison and another inmate were involved in an incident that resulted in both men receiving medical treatment at a local emergency room. Tenison received a misconduct report and was subsequently found guilty of a battery misconduct charge. Tenison appealed the conviction and Defendant Moore ordered a rehearing on the charge. The rehearing was conducted on December 18, 2009, and Tenison was again found guilty of the charge. The discipline imposed included restitution for the cost of medical services.

In his complaint, Tenison alleged his due process rights were violated in the second disciplinary proceeding.[1] The district court concluded Tenison failed

---

[1]In his response to Defendant Moore's motion to dismiss, Tenison complained that the imposition of the restitution sanction means he will be unable to purchase personal hygiene products from the prison canteen and, thus, Defendant's actions have resulted in a violation of his Eighth Amendment rights. *See Penrod v. Zavaras*, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (recognizing,
(continued...)

to state a due process claim because the record showed he was (1) provided with advance notice of the charges, (2) furnished an opportunity to present a defense, and (3) given a written statement of the reasons for the disciplinary decision. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Additionally, the disciplinary sanctions were supported by some evidence. *See Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Tenison also asserted a claim Defendants retaliated against him by imposing a harsh restitution sanction because he refused to lie about the basis of the altercation between himself and the other inmate that gave rise to the misconduct conviction. The district court concluded Tenison's allegations of retaliation were wholly conclusory and not supported by allegations of specific facts, rendering them insufficient to state a valid claim.

Although Tenison asserts on appeal that he was not provided with required notice that restitution could be imposed as a sanction or that the amount would be substantial, his assertion is belied by the record. The Disciplinary Hearing Report

---

[1](...continued)
under some circumstances, an inmate may be able to show an Eighth Amendment violation relating to the denial of hygienic items). The district court did not directly resolve this claim, but Tenison again alludes to it in his appellate brief. Tenison's claim is not ripe because it is based only on speculation. He has not alleged that he has, in fact, been unable to obtain personal hygiene products and has thereby suffered an injury. *See Chavez ex rel M.C. v. N.M. Pub. Educ. Dep't*, 621 F.3d 1275, 1281 (10th Cir. 2010) ("A case [is fit for judicial resolution] if it does not involve uncertain or contingent events that may not occur at all (or may not occur as anticipated).").

documenting the hearing held on August 26, 2009, clearly shows that restitution

was imposed as one of the sanctions. Tenison's signature appears at the bottom

of the document next to the statement: "I have received a copy of the

disposition." By the time the second hearing was held, therefore, Tenison had

actual notice restitution was a possible sanction that could be imposed at the

rehearing and he was aware of the amount.[2]

Tenison also challenges the district court's refusal to permit him to amend

his complaint. Tenison attempted to amend his complaint three times.[3] He

asserts he was entitled to amend as a matter of course because the amendments

were filed within the time periods set out in Fed. R. Civ. P. 15(a)(1). We need

not determine whether the district court erred by not permitting him to amend his

---

[2]Because we conclude Tenison cannot state a procedural due process claim because he received adequate notice of the restitution sanction, it is not necessary to resolve the more difficult question of whether he has a property interest in his Oklahoma prison trust fund account. *See Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010) (recognizing that *Sandin v. Conner*, 515 U.S. 472 (1995), abrogated Tenth Circuit law "holding that prisoners have a protected property interest in the funds in their prison trust accounts").

[3]The first proposed amendment was denied for failure to comply with the district court's local rules. The second proposed amendment was denied because Tenison sought to add Corrections Corporation of America ("CCA") as a defendant but did not make any allegations against CCA in the amended complaint. The third proposed amendment sought to add two CCA supervisors as defendants. It was denied by the district court because Tenison did not allege any deliberate intentional acts by the supervisors. *See Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.").

complaint because, even assuming error, Tenison has failed to show any effect on his substantial rights. *See* Fed. R. Civ. P. 61. Although he argues the amendments would have allowed him to correct the names of the defendants and prove that the requirements set out in *Wolff* were not satisfied, any such amendments would be futile because the complaint, even if amended as proposed, would still fail to state a claim.

Upon review of Tenison's appellate brief and *de novo* review of the entire record on appeal, this court **affirms** the district court's dismissal of Tenison's complaint for substantially those reasons set forth in the district court's order dated April 25, 2012. Tenison is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge